IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. MARILYN ANN PHILLIPS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 17-CV-547-JHP-JFJ |
| | ) | |
| 2. FARMERS INSURANCE COMPANY, INC., | ) | |
| | ) | |
| **Defendant.** | ) | |

**M**OTION **I**N **L**IMINE OF **D**EFENDANT, **F**ARMERS **I**NSURANCE **C**OMPANY, **I**NC.

Defendant, Farmers' Insurance Company, moves the Court to enter an order prohibiting the Plaintiff, Marilyn Ann Phillips, from introducing evidence, mentioning, referring to or otherwise disclosing to the jury, directly or indirectly at any stage of the trial, including but not limited opening statement and closing argument, the following:

1. The amount of medical bills Plaintiff incurred for treatment for injuries she alleged she sustained as a result of the motor vehicle accident giving rise to her claim for relief against the Defendant and limit the introduction of such evidence to allow only the amount of medical bills paid by Plaintiff's medical insurance provider, including Medicare, and the amount claimed by the medical provider to be owed after such insurance payments, if any, thereby disallowing any Medicare or other insurance "write-offs"; and,

2. Percentages of whole person permanent partial impairment or disability to the whole person asserted by Richard A. Hastings, II, D.O., Ph.D., as arising from alleged injuries to have been sustained by Plaintiff from the motor vehicle accident giving rise to her claim for relief against Defendant.

Plaintiff submits that evidence of medical bills incurred, when payment of a portion of such

bills has been made by medical insurance carrier of the Plaintiff, is irrelevant, under Oklahoma law which is applicable to this action. Further it is submitted that permanent partial disability ratings which comprises part of the evidence to determine determining permanent partial impairment awards under the former Oklahoma Workers' Compensation Act of Title 85 and the current Administrative Workers' Compensation Act found at Title 85A of Oklahoma Statutes are not relevant to the issues to be determined involving the nature, extent and cause of the alleged injuries suffered by Plaintiff and which she alleges was caused by the subject motor vehicle accident. It is further submitted that introduction of such evidence or the inquiry or statements made in the presence of the jury on these issues is prejudicial to Defendant. If these matters are inquired into during trial, the prejudicial effect cannot be resolved by the sustention of objections or curative instructions by the Court. Defendant submits its brief in support.

Defendant therefore requests this Court to grant its motion in limine and to preclude the introduction of evidence concerning the subject matter identified herein and for any other relief that is just and equitable.

Respectfully submitted,

TAYLOR, RYAN, MINTON &VAN DALSEM, P.C.

**s/William F. Smith**
Robert Taylor - OBA #8879
William F. Smith – OBA #8420
1080 Boulder Towers
1437 South Boulder Avenue
Tulsa, Oklahoma 74119-3640
(918) 749-5566 Telephone
(918) 749-9531 Facsimile
Email: Rtaylor@trsvlaw.com
            Bsmith@trsvlaw.com

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of June 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony M. Laizure  
Laizure Law, PLLC  
1616 S. Main Street  
Tulsa, OK 74119  
TLaizure@LaizureLaw.com

                                      **s/William F. Smith**