**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | | | |
|---|---|---|---|
| 1. | **MARILYN ANN PHILLIPS,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| | | ) | |
| | vs. | ) | **Case No.  17-CV-547-JHP-JFJ** |
| | | ) | |
| 1. | **FARMERS INSURANCE** | ) | |
| | **COMPANY, INC.,** | ) | |
| | | ) | |
| | **Defendant.** | ) | |

<u>**BRIEF IN SUPPORT OF MOTION IN LIMINE OF DEFENDANT, FARMERS INSURANCE COMPANY, INC.**</u>

**INTRODUCTION**

This action arises from an automobile accident occurring on August 27, 2012, in Tulsa County, Oklahoma, in which the vehicle occupied by Plaintiff and her husband was struck by another vehicle which was the cause of the accident.  The liability insurer for tortfeasor has paid its liability limits.  In the present action, Plaintiff seek underinsured motorist benefits under a policy of insurance issued by Defendant, Farmers Insurance Company.

In its answer, Farmers has admitted that the other driver was responsible for the accident. Further, it has admitted that Plaintiff was injured and required medical treatment.  Farmers, however, contests the cause, nature and extent of injuries that Plaintiff claims resulted from the accident.

Plaintiff claims to have sustained numerous injuries due to the accident, requiring medical treatment.  Her medical bills have been paid by her and her health insurance, including Medicare, with a substantial portion of the bill reduced or "written off" pursuant to an apparent agreement between the provider and insurer.  Title 12 O.S. § 3009.1 limits the amount of medical bills that can be recovered to those sums paid by Plaintiff or health insurance, including Medicare.  The

amounts billed and the amounts written off are not relevant to any of the issues presented by the litigation.

Plaintiff has retained Richard A. Hastings, II, D.O., Ph. D, as an expert medical witness. Dr. Hastings has reviewed medical records and conducted a physical examination of Plaintiff.  He has provided a written report and supplemental report identifying Plaintiff's injuries he contends were caused by the accident, treatment and prognoses for her injuries.  Part of his written report sets out percentages of whole person permanent partial impairment resulting from the subject injuries.  While permanent partial impairment rating is a cornerstone of Oklahoma's workers compensation system, such rating is irrelevant to an action for underinsured motorist benefits.  This information should not be presented to the jury.

### ARGUMENTS AND AUTHORITIES

**MOTION IN LIMINE**

"A creature of neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence, the motion in limine gives the court the opportunity to take up before trial those certain and limited evidentiary issues in order to minimize interruptions at trial." *Deghand v Wal-Mart Stores, Inc.,* 980 F. Supp. 1176, 1179 (D. Kan. 1997).  The trial court has broad discretion in addressing a motion in limine.

> The propriety of entering an order in limine depends on the particular situation. If the admissibility of certain evidence turns upon what facts are developed at trial, it is the better practice to wait until trial to decide the objections.  In its discretion, the court may decline deciding a motion in limine which would have little impact on the parties' evidentiary burdens or preparation for trial. A ruling in limine may be subject to change based upon developments at trial, and the ruling does not remove the obligation of the party to object, to move to strike, or to make offers of proof.

*Id.* at 1179-1180.  A motion in limine is preliminary or advisory and subject to change.  It is a device "to rule in advance of trial on possible evidentiary disputes, because this may avoid a

lengthy interruption during the trial to resolve objections to evidence." *Rodgers v. Beechcraft Corporation,* Case No. 15-CV-0129-CVE-PJC (N.D. OK. 2018).

Defendant submits that the subject matters of its motion in limine are appropriate for the Court's consideration before trial and that a ruling will eliminate the need to address them at trial.

**TITLE 12 O.S. § 3009.1 LIMITS EVIDENCE OF MEDICAL BILLS TO THOSE PAID OF OWED**

In 2011, Oklahoma altered the collateral source rule as it applied to the recovery of medical bills in a personal injury action, including an action against the Plaintiff's uninsured motorist carrier.  Title 12 O.S. § 3009.1 provided:

> A. Upon the trial of any civil case involving personal injury, the actual amounts paid for any doctor bills, hospital bills, ambulance service bills, drug bills and similar bills for expenses incurred in the treatment of the party shall be the amounts admissible at trial, not the amounts billed for expenses incurred in the treatment of the party. If, in addition to evidence of payment, a signed statement acknowledged by the medical provider or an authorized representative that the provider in consideration of the patient's efforts to collect the funds to pay the provider, will accept the amount paid as full payment of the obligations is also admitted. The statement shall be part of the record as an exhibit but need not be shown to the jury. Provided, if a medical provider has filed a lien in the case for an amount in excess of the amount paid, then bills in excess of the amount paid but not more than the amount of the lien shall be admissible. If no payment has been made, the Medicare reimbursement rates in effect when the personal injury occurred shall be admissible if, in addition to evidence of nonpayment, a signed statement acknowledged by the medical provider or an authorized representative that the provider, in consideration of the patient's efforts to collect the funds to pay the provider, will accept payment at the Medicare reimbursement rate less cost of recovery as provided in Medicare regulations as full payment of the obligation is also admitted. The statement shall be part of the record as an exhibit but need not be shown to the jury. Provided, if a medical provider has filed a lien in the case for an amount in excess of the Medicare rate, then bills in excess of the amount of the Medicare rate but not more than the amount of the lien shall be admissible.
>
> B. This section shall apply to civil cases involving personal injury filed on or after November 1, 2011.[1]

The validity of § 3009.1 was upheld on state constitutional grounds in *Lee v. Bueno,* 2016 OK

---

[1] The statute was amended effective 2015 after Plaintiff's accident.  As discussed below, the statute is substantive rule of evidence to which Oklahoma law applies.

97, 381 P.3d 736.  With the adoption of this statute, the Oklahoma Legislature "determined that injured parties in a personal injury action will not be able to admit evidence of, and therefore recover damages for, amounts they or their insurer were billed for treatment but are not required to pay."  *Id.* at 752, ¶ 48.  Section 3009.1 "specifically prevents . . . [Plaintiff] from admitting the amount billed but not paid, into evidence."  *Id.* ¶ 49.

The question has been raised as to whether § 3009.1 is applicable in federal court.  This Court has held that the collateral source rule is a matter of substantive law and therefore Oklahoma law applies.  *Simpson v. Saks Fifth Avenue,* Case No. 07-CV-0157-CVE-PJC (N.D. OK. 2008).  The modification of the rule would likewise be controlled by Oklahoma law.  This result was reached in *Cameron v. Bartel Truck Line,* LLC, Case No. CIV-14-553-R (W.D. OK. 2015).[2]

It is submitted that § 3009.1 limits evidence of medical bills to those paid either by the Plaintiff or her insurer provided the submission of a statement from the provider that the amount paid is accepted in full satisfaction of its billing.

**PERMANENT PARTIAL IMPAIRMENT RATINGS ARE NOT RELEVANT**

Plaintiff's expert, Dr. Richard Hastings, provided opinion evidence of the percentages of permanent partial disability allegedly resulting from Plaintiff's injuries.  These ratings were based on the AMA Guides to the Evaluation of Permanent Impairment (5th Edition).   Use of the AMA guides is required in determining the extent of permanent impairment or disability in Oklahoma workers' compensation claim. 85A O.S. § 45 C.  Application of the guides results in

---

2 The Court cited *Mascenti v. Becker*, 237 F.3d 1223, 1241 (10th Cir. 2001) for the rule that "the admissibility of evidence in diversity cases in federal court is generally governed by federal law. Nevertheless, it is well recognized that Congress did not intend the procedural rules to preempt the so-called "substantive" state rules of evidence, such as the parol evidence rule, the collateral source rule, or the statute of frauds; although the application of these rules will affect the admissibility of some evidence, they in reality serve substantive state policies regulating private transactions."

the determination of the amount of compensation for impairment to earnings suffered by an employee as determined by a formula set out under both the former and present Oklahoma's Workers Compensation Acts. *See, e.g.*85A O.S. § 45. In *Thompson v. Walton*, 1956 OK 173, 297 P.2d 1084, 1088 the Court found that damages "in a case of this kind are not measured under the rules applicable in workmen's compensation cases." However, the Court held that the error was not prejudicial since it went to the issue of impairment to earning capacity. Plaintiff in the present matter before this Court is not alleging a loss or impairment to earning capacity as an element of damages. The impairment opinion evidence has no relevance to the issues to be determined at trial.

Unlike Oklahoma Workers' Compensation Act, damages are not awarded based upon a determination of the percentage of permanent impairment or disability alleged to have been sustained by Plaintiff. The action instituted by Plaintiff is for Defendant's alleged breach of the insurance contract. Plaintiff contends that Defendant has failed to pay that what should be due under the underinsured motorist coverage of the contract for damages she sustained as a result of the subject motor vehicle accident. In contract actions the general "measure of damages . . . is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin." Title 23 O.S. § 21. Since the claim for damages sought from Defendant result from the negligence of the other driver in the vehicle, the measure of tort damages "is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not." Title 23 O.S. § 61. The application of either damage rule does not depend upon the determination of the percentage of impairment under the AMA guides.

Relevant evidence must have "any tendency to make a fact more or less probable than it would be without the evidence; and . . . the fact is of consequence in determining the action." Rule 401, Federal Rules of Evidence. While irrelevant evidence is not admissible, Fed. R. Evid 402, even relevant evidence can be excluded if its probative value is outweighed by the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Impairment to earnings or earning capacity is not an issue presented by this litigation. Admission of evidence of a non-issue should be denied.

CONCLUSION

Only medical bills which have been paid by Medicare or Plaintiff's other health insurance are admissible at trial when there is also evidence that Plaintiff will not be liable for any amount over that accepted by the medical provider in full satisfaction of the obligation.

Plaintiff has not included, as an item of damage, impairment to earning capacity. Introduction of evidence of impairment in the form of the AMA guidelines to permanent impairment are therefore not relevant to any issue to be determined in this action and should be excluded.

Respectfully submitted,

TAYLOR, RYAN, MINTON &VAN DALSEM, P.C.

s/Wiliam F. Smith
Robert Taylor - OBA #8879
William F. Smith – OBA #8420
1080 Boulder Towers
1437 South Boulder Avenue
Tulsa, Oklahoma 74119-3640
(918) 749-5566 Telephone
(918) 749-9531 Facsimile
Email: Rtaylor@trsvlaw.com
           Bsmith@trsvlaw.com

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of June 2018, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony M. Laizure
Laizure Law, PLLC
2120 E. 15th St.
Tulsa, OK 74104
TLaizure@LaizureLaw.com

**s/William F. Smith**