**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARILYN PHILLILPS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 17-CV-547-JHP-JFJ** |
| | ) | |
| **FARMERS INSURANCE** | ) | |
| **COMPANY, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S MOTION IN LIMINE AND BRIEF IN SUPPORT**

The Plaintiff Marilyn Phillips moves the Court to enter an Order in Limine excluding the following evidence:

**1.      Photographs of the cars taken after the wreck are not relevant.**

Since Farmers admits that Ms. Rooker is 100% responsible for the wreck, the photos would not help the jury decide who is at fault.  Nor are the photographs admissible to show the cause, nature and/or extent of the injuries to Ms. Phillips. Farmers filed its final witness list on May 16, 2018 [Doc. 25].  In reviewing the proposed testimony of the witnesses, there is no suggestion that any witness can or will testify that the amount of damage to the cars is relevant to any issue in the case.  Farmers has not retained an expert to testify that there is a relationship between the property damage shown in the photographs and the injuries to Ms. Phillips.

It is not clear how Farmers would use these photographs at trial.  Presumably, Farmers would show the photographs to Ms. Phillips and ask her if the photographs accurately show the damage to her car.  Presumably, Farmers would then show the photographs to the jury during closing argument and say or infer that Ms. Phillips couldn't be hurt as bad as she claims because of the amount of damage to her car, or words to that effect. In essence, Farmers will be asking

the jury to speculate about the relationship between the property damage to the car and the physical damage to Ms. Phillips.   A jury's verdict cannot be based upon speculation or guesswork.  OUJI 3.3

The Society of Automotive Engineers published a paper in 1997 titled "Lack of Relationship Between Vehicle Damage and Occupant Injury".  The article is attached as ***Ex. 1.*** The Abstract states "A common misconception formulated is that the amount of vehicle crash damage due to a collision, offers a direct correlation to the degree of occupant injury.  This paper explores this concept and explains why it is false reasoning."  The articles goes on to say that "evaluation of occupant injury when related to vehicle damage can only be made when several factors are taken into account", including velocity of vehicle or objects on impact; crushing or arresting distance of the vehicle or object; ability of the vehicle to dissipate the energy of the impact; degree of muscular stimulation at the time of impact, i.e., was impact anticipated by the occupant; structural strength of the occupant and geometric dimensions of the occupant.  The Summary states "the crush damage does not relate to the expected occupant injury, i.e., the more vehicle damage, the more chance that the occupant is injured, is not a conclusion that can be made."

Farmers cannot prove that the photographs bear any relationship to the cause, nature and extent of the injuries sustained by Ms. Phillips.  Merely showing the photos to the jury and asking them to speculate about the relationship between the vehicle damage and occupant injury would be highly prejudicial to the Plaintiff and would force the jury to engage in prohibited speculation and guesswork.  A verdict cannot be based upon mere speculation and conjecture. *Elms v. Chicago, Rock Island and Pacific Railroad*, 1962 OK 130.

**2.      The Police Report is inadmissible.**

During the deposition of Dr. Jeff Fox, Farmers referred to the Police Report and questioned Dr. Fox about some of the contents of the police report.  Farmers did not offer the Police Report into evidence.  If Farmers offers the Police Report as evidence at trial, it  should be excluded because it is hearsay. FRE 803.

**3.      The "transcript" of a phone conversation between Marilyn Phillips and an insurance adjuster is not admissible.**

During the deposition of Dr. Fox and Dr. David Mokhtee, Farmers referred to a document that purports to be a "transcript" of a telephone conversation between Marilyn Phillips and an insurance adjuster.  The "transcript" is attached as *Ex. 2.*

Farmers asked Dr. Fox about it in his deposition and Dr. Fox stated that the statement did not contain a reference to a shoulder injury.  *Ex. 3, Dr. Fox Dep. pp. 37-38.*  Farmers tried the same thing in Dr. Mokhtee's deposition regarding reference to any injury to the hands.  *Ex. 4, Dr. Mokhtee Dep. pp. 34-35.*

Ms. Phillips objected because the "transcript" has not been authenticated.  The original nor a copy of the recording has been produced and there is no way to verify the authenticity or accuracy of the "transcript".  FRE 901, 1001 et. seq.

**4.      Testimony from the investigating police officer about "codes" on the Police Report is not admissible.**

This wreck happened in August 2012.  The investigating police officer completed his report.  It is attached as *Ex. 5.*  There are injury codes on the report.  The police officer checked some boxes on the report.  The police officer did not examine Marilyn Phillips.  He is not qualified to give a medical opinion about the cause, nature and extent of Ms. Phillips' injuries.

3

He is a cop, not a doctor, not a nurse, not even an EMT.  There is almost a 100% chance that the officer remembers nothing about Ms. Phillips or the wreck.

Ms. Phillips went to the minor emergency center on the day of the wreck where they did do a medical examination and formed a medical diagnosis.  That is admissible. Boxes checked on a police report are not.

If the police officer has an independent recollection of what Ms. Phillips told him, then that would be admissible.  It is not permissible for the police officer to say or infer that Ms. Phillips was not hurt because he checked boxes on a police report.

**5.       Ms. Phillips' medical bills are not admissible.**

Ms. Phillips has elected not to pursue damages for her past medical expenses.  Therefore, her past medical bills are not admissible.  In *Campbell v. Green,* No. 3:13-cv-0627-LRH-WGC[1], United States District Court for the District of Nevada, the Plaintiff was injured in a car wreck and filed suit.  The Plaintiff Campbell (Campbell) filed a Motion in Limine, seeking to exclude past medical bills.  Campbell argued that he did not intend to claim, as an element of his damages, the amount of his past medical expenses for the care and treatment of the physical injuries sustained in the crash.  Campbell represented that he intended only to pursue damages related to future medical specials, if any, and past and future pain, suffering and disability, and/or loss of enjoyment of life he had suffered, and will continue to suffer, as a result of his injuries. Thus, Campbell contended that evidence related to his past medical bills and workers' compensation benefits was irrelevant to the remaining issues for trial and would lead to prejudice because of the risk that the jurors might use the amount of prior medical bills as a substitute for the amount for pain and suffering that should be awarded to Campbell.

---

[1] Opinion attached as *Ex. 6.*

In support of this argument, Campbell cited numerous state and federal cases from other jurisdictions finding that past medical expenses are inadmissible for purposes of establishing pain and suffering.  Campbell cited *Payne v. Wyeth Pharm., Inc.*, No. 2:08-CV-119, 2008 WL 4890760, at *6-7 (E.D. Va. Nov. 12, 2008)[2], where the federal district court found such evidence inadmissible under FRE 401 and 403.  The court found "there is no logical experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury." *Id*. (quoting *Carlson v. Bubash*, 639 A.2d 458, 462 (Pa. Super. Ct. 1994)).

The court cited several rationales for this conclusion. For example, "the mere dollar amount assigned to medical services masks the difference in severity between various types of injuries.  A very painful injury may be untreatable, or, on the other hand, may require simpler and less costly treatment than a less painful one." *Id*. (quoting *Carlson*, 639 A.2d at 462). In regards to Rule 403, the court found that, in this context, medical bills have limited probative value, which was substantially outweighed by the risk of jury confusion and undue delay. *Id*. ("The jury may be tempted to treat the medical bills as recoverable special damages rather than to only assess the medical bills as evidence that [the plaintiff] experienced pain and suffering.").

The federal district court in *Campbell* found the analysis in the *Payne* case to be persuasive. Because Campbell did not seek special damages for past medical expenses, there was no relevance between these costs and Campbell's purported pain and suffering.  Although the type of medical treatment that Campbell received after the accident was relevant, Campbell's motion and Garcia's response only addressed Campbell's "medical bills."  The Court granted Campbell's motion in regards to his medical bills.

---

[2] Attached as *Ex. 7.*

The *Payne* court also noted that introduction of the medical bills would be overly cumulative because whatever tendency they would have to prove pain and suffering may already be amply demonstrated by other, more probative evidence, such as the testimony of the Plaintiff and his doctors. Id at ¶6.   In this case, Ms. Phillips' treating doctors, Dr. Fox (shoulders), Dr. Mokhtee (hands), Dr. Rodgers (neck and hands) and possibly Dr. Economou (eye) will testify about her medical treatment and the cause, nature and extent of her injuries.   In addition, Ms. Phillips was examined by Dr. Richard Hastings who will offer more detailed testimony concerning the nature, extent and permanency of Ms. Phillips injuries and what treatment she may need in the future.

Here the result should be no different.   Ms. Phillips is not going to ask the jury to include compensation for her past medical bills in the jury verdict.   Ms. Phillips will not introduce her medical bills into evidence.   Medical bills, as noted by the above cited authorities, have no correlation to the other elements of damages a jury may consider under Oklahoma law, such as her physical pain and suffering, past and future; mental pain and suffering, past and future; physical condition immediately before and after the wreck; nature and extent of her injuries; whether the injuries are permanent; physical impairment; disfigurement; the reasonable expenses of the necessary medical care, treatment, and services in the future. OUJI Civil 4.1.

Ms. Phillips has had surgery to repair tears in both shoulders; carpal tunnel surgery to both hands; surgery to repair damage to her right eye caused by an outbreak of shingles brought on by the stress of having traumatic injuries to both shoulders, both hands, her neck and her upper back, and corresponding treatment and therapy.   The amount of her medical bills do not adequately reflect the seriousness of these injuries, particularly where, as here, the true value of

6

the amount of the medical bills is hidden from the jury and only the "discounted" amount of the

value of the medical services is admissible. 12 O.S. § 3009.1.

**6.     Evidence of claims and lawsuits against Farmers filed by Kenney Phillips is**

**not admissible.**

Kenney is Marilyn's husband.  Kenney has been in multiple car wrecks and has sued

Farmers before and has a case pending against Farmers now.  The case is pending before Judge

Frizzell.  Mr. Phillips' claims and lawsuits against Farmers or anyone else are not relevant to the

issues in this case where the jury just decide how much money Farmers has to pay Ms. Phillips.

<div style="margin-left:50%">

Respectfully Submitted:

By:     s/Anthony M. Laizure
        Anthony M. Laizure, OBA # 5170
        Laizure Law, PLLC
        1616 S. Main Street
        Tulsa, OK 74119
        Phone: (918)749-0749
        Fax: (918)518-7250
        E-mail: TLaizure@LaizureLaw.com
        *Attorney for Plaintiff*

</div>

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the 12th day of June, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Robert Taylor, Esq.
William Smith, Esq.
Taylor, Ryan, Minton, Van Dalsem, PC
1080 Boulder Towers
1437 S. Boulder Ave.
Tulsa, OK  74119
rtaylor@trsvlaw.com
bsmith@trsvlaw.com
*Attorneys for Defendant Farmers Ins. Co., Inc.*

<div align="right">

s/Anthony M. Laizure
Anthony M. Laizure

</div>