IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN PHILLILPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-CV-547-JHP-JFJ |
| ) | |
| FARMERS INSURANCE ) | |
| COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE**

The Defendant has filed a Motion in Limine [Doc. 31] that addresses two subjects, to wit; admissibility of medical bills and testimony regarding percentages of disability.

**1. PLAINTIFF IS NOT ASKING FOR DAMAGES FOR PAST MEDICAL BILLS SO THE DEFENDANT'S ARGUMENT REGARFDING 12 O.S. §3009.1 IS MOOT**

As noted in her Motion in Limine [Doc. 32], Plaintiff is not asking for damages for past medical bills. Therefore, the Defendant's Motion in Limine regarding the admissibility of the amount of medical bills paid versus the amount incurred is moot.

**2. TESTIMONY REGARDING PERCENTAGES OF DISABILITY IS RELEVANT AND ADMISSIBLE**

In *Witt v. Martin,* 1983 OK CIV APP 33, the Plaintiffs were in a wreck and sued for damages. The jury awarded on damages to the Plaintiffs and they appealed. The Court of Appeals held "reversible error permeated the trial" and remanded the case for a new trial.

One of the issues in the case was the trial court's rejection of expert testimony expressing plaintiff's disability in terms of percentages. Defendants filed a motion in limine to exclude percentages of disability found by the Workers' Compensation Court. The trial court sustained the motion. Plaintiffs argued on appeal that the ruling "seriously hampered plaintiffs' efforts to

bring out percentage of disability testimony from their physicians." The Court of Civil Appeals held "No rule of law forbids a medical expert witness to express an opinion regarding the percentage of disability a party has sustained. Admittedly percentage testimony is not common in personal injury actions, but the reason is related to strategy rather than admissibility." 1983 OK CIV APP 33, ¶¶96-99.

Defendant cites *Thompson v. Walton,* 1956 OK 173 as the only case that supports its position. Defendant cites part but not all of the holding regarding the admissibility of percentages of disability. After the sentence quoted by the Defendant, the Court said "Other elements are to be taken into consideration, such as past physical pain and suffering, probable future pain and suffering, whether the injury is permanent or temporary, etc." 1956 OK 173, ¶20. The Court went on to say that "Though cognizant of the fact that damages are not measured by under the rules applicable in workers' compensation cases, we fail to see how defendants could be prejudiced by the testimony of plaintiff's physicians fixing disability as 20 per cent of the whole body. Such testimony, at most, could only go to one of the elements to be considered by the jury in fixing the amount of damages, that is, loss of earning power." Id at ¶21.

OUJI 4.1 tells the jury it can consider, among other things, whether the Plaintiff's injuries are permanent and the nature and extent of the Plaintiff's injuries. What better way to help the jury to determine whether an injury is permanent than to rely on the AMA Guides to the Evaluation of Permanent Impairment, which are established and approved by the American Medical Association?

In this case, the only dispute is in fact the cause, nature and extent and permanency of Ms. Phillips' injuries. Dr. Hastings is the only doctor in the case who has both personal examined Ms. Phillips (twice) and has reviewed all of her medical records. In 2016, Dr.

Hastings prepared a very lengthy report setting forth his findings and supplement his report in 2018. The Plaintiff has identified his findings and percentages of disability in the pretrial order.

Dr. Hastings' methodology is sound as he follows the published guidelines to the evaluation of permanent impairment published by the largest medical association in the country. The evidence is relevant because it tends to prove the permanency and nature and extent of Ms. Phillips injuries.

The law seems to be clear that such testimony is admissible.

Respectfully Submitted:

By: s/Anthony M. Laizure
Anthony M. Laizure, OBA # 5170
Laizure Law, PLLC
1616 S. Main Street
Tulsa, OK 74119
Phone: (918)749-0749
Fax: (918)518-7250
E-mail: TLaizure@LaizureLaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on the 15th day of June, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Robert Taylor, Esq.
William Smith, Esq.
Taylor, Ryan, Minton, Van Dalsem, PC
1080 Boulder Towers
1437 S. Boulder Ave.
Tulsa, OK  74119
rtaylor@trsvlaw.com
bsmith@trsvlaw.com
*Attorneys for Defendant Farmers Ins. Co., Inc.*

s/Anthony M. Laizure
Anthony M. Laizure