IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN ANN PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17-CV-547-JED-JFJ ) ) |
| FARMERS INSURANCE COMPANY, INC., | ) ) ) |
| Defendant. | ) |

**ORDER**

I. **Background**

Plaintiff initiated this case in state court on August 28, 2017, alleging that the defendant, Farmers Insurance Company, Inc. (Farmers), owes her additional underinsured motorist (UM) benefits as a result of an auto accident on August 27, 2012. The plaintiff settled with the tortfeasor for policy limits of $100,000, then submitted a demand to Farmers to pay UM benefits. Farmers evaluated the plaintiff's claim at $184,165, then paid UM benefits in the amount of $84,165, over the $100,000 policy limits paid in settlement with the tortfeasor. Plaintiff has demanded that Farmers pay her the remainder of the UM $1,000,000 limits under her policy. Farmers removed the action on the basis of diversity jurisdiction. Both parties have filed motions in limine (Doc. 30, 32), which are addressed below.

II. **Discussion**

    A. **Motion in Limine Filed by Farmers (Doc. 30)**

        1. **Medical bills**

Farmers requests a pretrial order limiting the plaintiff's evidence of medical billings, under *Okla. Stat.* tit. 12, § 3009.1, to amounts actually paid and any additional amounts claimed due after

insurance payments. In response, plaintiff represents that she "is not asking for damages for past medical bills." (Doc. 38). As no evidence of past medical billings will be introduced, the request by Farmers on this issue is **denied** as moot.

### 2. Permanent partial impairment ratings

Farmers requests an order excluding any opinion evidence regarding percentages of permanent partial disability allegedly resulting from the plaintiff's injuries. Plaintiff's medical expert, Richard A. Hastings, II, D.O., has provided written expert reports opining as to the injuries he asserts were caused by the accident and indicating his opinions as to plaintiff's treatment and prognosis. In one of his reports, Dr. Hastings included his opinion as to percentages of whole person permanent partial impairment resulted from plaintiff's injuries. According to Farmers, such percentage impairment ratings are typically used in workers compensation proceedings, but they are not relevant to this UM benefits dispute. (*See* Doc. 31 at 2, 4-6).

In response, plaintiff asserts that such ratings are relevant and admissible under Oklahoma case law. (Doc. 38 at 1-3) (citing *Witt v. Martin*, 672 P.2d 312 (Okla. Civ. App. 1983); and *Thompson v. Walton*, 297 P.2d 1084 (Okla. 1956)). In *Witt*, the Oklahoma appellate court noted in a personal injury case that "[n]o rule of law forbids a medical expert witness to express an opinion regarding the percentage of disability a party has sustained." 672 P.2d at 322. In *Thompson*, the Oklahoma Supreme Court determined that the trial court did not err in permitting a physician to provide an estimate of plaintiff's disability. 297 P.2d at 1087-88. Explaining its reasoning, the court stated that, while "damages are not measured under the rules applicable in workmen's compensation cases, we fail to see how defendants could be prejudiced by the testimony of plaintiff's physicians fixing disability of plaintiff as 20 percent of the whole body," as the testimony could be relevant to damages, in particular, loss of earning power. *Id.* at 1088.

2

Based upon the Court's review of those authorities and the arguments presented by the parties, the motion of Farmers on this issue is **denied**.

### B. Plaintiff's Motion in Limine (Doc. 32)

#### 1. Evidence the parties agree will not be offered

Plaintiff's motion in limine seeks pretrial exclusion of six categories of evidence. As to four of those categories, Farmers agrees that such evidence will not be introduced. Those items are (1) the police report, (2) a transcript of a telephone conversation between plaintiff and a Farmers claims representative, (3) the investigating officer's testimony regarding codes on the accident report, and (4) medical expenses plaintiff incurred for treatment of injuries allegedly sustained in the accident. Accordingly, plaintiff's motion as to those items is **denied** as moot.

#### 2. Photographs of the vehicles after the accident

Plaintiff argues that photographs taken of the automobiles involved in the underlying accident should not be admitted, because it is undisputed that the third party driver of the other vehicle was 100% at fault, and the photographs are irrelevant to show the "cause, nature, and/or extent of the injuries" to plaintiff. (Doc. 32 at 1). In response, Farmers argues that the photographs may be relevant, depending on the evidence presented at trial, and that it would be premature to exclude such evidence as irrelevant. (Doc. 45 at 2). By way of example, Farmers argues that the "location of the impact may become relevant if questions arise as to movement of the vehicles or Plaintiff as a result of the accident. A situation may arise at trial where photographs may become relevant for impeachment purposes." (*Id.*). The Court agrees that any decision regarding the admissibility of the photographs should be determined in the context of the trial. The plaintiff's motion on this issue is **denied at this time.**

      **3.**      **Evidence of claims and lawsuits by plaintiff's husband against Farmers**

Plaintiff requests that the Court enter a pretrial order excluding evidence relating to claims and lawsuits her husband has asserted against Farmers. Farmers did not respond or object to plaintiff's request, and it does not appear that those other claims and lawsuits have any relevance to this case or to the plaintiff's claimed injuries. Accordingly, plaintiff's motion on this issue is **granted**.

## III. Conclusion

For the foregoing reasons, the defendant's motion in limine (Doc. 30) is **denied**, and the plaintiff's motion in limine (Doc. 32) is **granted in part and denied in part**, as set forth above.

SO ORDERED this 20th day of July, 2018.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE