IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN PHILLIPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-547-JED-JFJ |
| | ) |
| FARMERS INSURANCE COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**PRETRIAL ORDER**

The pretrial conference held before the court on April 4, 2019 at 1:30 p.m. Anthony M. Laizure appeared for the Plaintiff. Robert Taylor and William Smith appeared for the Defendant. Following the pretrial conference, IT IS SO **ORDERED:**

**I.     This is an action for:** Uninsured/underinsured motorist (UM/UIM) benefits under a policy of insurance issued by the Defendant Farmers to Plaintiff Marilyn Phillips.

**The factual basis for Plaintiff's cause of action is:** Ms. Phillips was injured in a car wreck on August 27, 2012. The insurance company for the other driver paid Ms. Phillips policy limits of $100,000.00. Farmers waived its right of subrogation. Ms. Phillips submitted her claim for UM/UIM benefits. Farmers took a sworn statement from both Ms. Phillips and one of her treating doctors, James Rodgers, M.D. After reviewing the claim, Farmers paid Ms. Phillips $84,165.00 in UM/UIM benefits. Ms. Phillips filed suit for UM/UIM benefits in Tulsa County District Court and Farmers removed the case to this court.

Ms. Phillips claims her injuries and damages exceed Farmers' evaluation of the claim. The factual basis for this claim is Ms. Phillips sustained injuries to both shoulders, both hands, her neck and her upper back. Ms. Phillips has had surgery on both shoulders. Farmers agrees that the

surgery to the shoulders is related to the wreck. Farmers disputes that the wreck caused a permanent injury to Ms. Phillips' neck and back and a need for future treatment. Ms. Phillips has had carpal tunnel surgery to both hands. Farmers disputes that the carpal tunnel injuries and surgeries are related to the wreck. Ms. Phillips suffered an outbreak of shingles on her face that spread to her right eye and she had to have surgery to her right eye. Ms. Phillips attributes this to stress from the wreck and her other injuries. Farmers denies that the shingles outbreak and eye surgery are related to the wreck.

II.     Federal jurisdiction is invoked upon the grounds of diversity of citizenship, 28 U.S.C. §1332 (a). Plaintiff is a citizen of the State of Oklahoma. Defendant is a corporation organized and existing under the laws of a state other than Oklahoma and has its principal place of business in a state other than Oklahoma. The amount in controversy exceeds $75,000.00.

III.    The following facts are admitted and require no proof:

    A.   The car wreck that gives rise to this action happened in the Northern District of Oklahoma, and venue is proper.

    B.   The amount in controversy exceeds $75,000.00.

    C.   Marilyn Phillips is a citizen of the State of Oklahoma.

    D.   Farmers Insurance Company, Inc. is a corporation organized and existing under the laws of a state other than Oklahoma and has its principal place of business in a state other than Oklahoma.

    E.   On August 27, 2012, Ms. Phillips was a named insured on two automobile insurance policies ("the policies") issued by Defendant Farmers Insurance Company, Inc.

    F.   The policies provide a total of One Million Dollars, $1,000,000.00 in UM/UIM limits.

    G.    The policies were in full force and effect on August 27, 2012.

    H.    Ms. Phillips was in a car wreck on August 27, 2012.

    I.    The other driver in the wreck, Diane Rooker, is 100% at fault.

    J.    Ms. Phillips sustained rotator cuff tears on each shoulder that required surgery.

    K.    Ms. Rooker, the other driver, is an uninsured/underinsured motorist as defined by 36 O.S. §3636.

    L.    Ms. Phillips' claim is worth at least $184,165.00.

**IV.    The reservations as to the facts recited in Paragraph IV are as follows:**

None.

**V.    The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:**

    A.    EMG studies done in August 2013 and August 2015 confirm that Ms. Phillips had bilateral carpal tunnel syndrome.

    B.    The carpal tunnel surgeries performed by Dr. Mokhtee were reasonable and necessary.

    C.    Ms. Phillips suffered an outbreak of shingles in October 2015.

    D.    The eye surgery performed by Dr. Economou was reasonable and necessary.

**VI.    The case management conference limitations are:  None.  Plaintiff's counsel will ask for 30 minutes attorney voir dire.  Defendant's counsel will ask for 30 minutes voir dire.**

**VII.    The following issues of law, and no others, remain to be litigated upon the trial.**

    A.    Amount of Plaintiff's damages per OUJI 4.1

    B.    Defendant wants to add the following:  "Whether or not Title 23 O.S. Section 61.2 applies to limit an award of UM/UIM benefits for non-economic loss."  Plaintiff objects to this

because the Defendant never plead the statute as a defense as required by *Racher v. Westlake Nursing Home Ltd.,* 871 F.3d 1152 (10th Cir. 2017). That decision was rendered on September 28, 2017, or 530 days ago. Plaintiff sued Farmers on August 28, 2017. Plaintiff has tailored her case strategy based on the Defendant's decision not to raise the cap as an affirmative defense. For example, Plaintiff is not calling the other driver as a witness. Had Defendant plead the cap as a defense, then Plaintiff would call the other driver as a witness in an effort to show that the other driver's conduct amounted to gross negligence or reckless disregard. In addition, Plaintiff would more likely than not made claims for economic damages (cost of past and future medical treatment) that she has chosen not to seek in this case due to the Defendant's decision not to raise the cap. It is way too late in the process for Plaintiff to retool her trial strategy and get the necessary witnesses and proof lined up. This case was supposed to be tried in June 2018 but was transferred to this Court shortly before trial. The parties had already prepared a proposed Pre-Trial Order to submit to the Court and the Defendant did not raise the cap in that proposed Pre-Trial Order. The Defendant first raised the idea of the cap as a defense at a personal conference between counsel that happened on March 7, 2019. Finally, it is not altogether certain that the cap applies in a UM case. In any event, for these reasons, the Plaintiff objects to this last minute attempt to amend the trajectory of this case.

**VIII.   The parties agree the following issues of fact, and no others, remain to be litigated upon the trial:**

    A.    Whether Ms. Phillips sustained injuries to her hands as a direct result of the August 27, 2012 wreck, and if so, the nature and extent of same.

B. Whether stress secondary to the motor vehicle wreck of August 27, 2012 decreased Ms. Phillips' immune system, which activated her herpes zoster (shingles), thus requiring medical treatment and surgery.

C. Whether the August 27, 2012 wreck caused Ms. Phillips to injure her neck and upper back, and if so, the nature, extent and permanency of the injuries.  Defendant's object to the phrase "and if so, the nature, extent and permanency of the injuries" because the treating doctors did not find an injury to her neck or back, and she did not have treatment for those areas.

C. The amount of actual damages to fairly and justly compensate Plaintiff Marilyn Phillips for injuries caused by the August 27, 2012 wreck taking into account all elements of damages to which she is entitled under Oklahoma law.

D. Whether Ms. Phillips will require future medical treatment for injuries caused by the August 27, 2012 wreck.

**IX. The following exhibits to be offered at the trial together with a statement of all admissions by and all issues between the parties thereto are as follows:**

| No. | Plaintiff's Exhibits | Objection |
|---|---|---|
| PX1 | MedCenter Records August 08/27/2012 | |
| PX2 | Warren Clinic Records 09/14/2012 – 02/10/2015 | |
| PX3 | St. Francis Hospital/Physical Therapy 09/1/2012 – 08/07/2013 | |
| PX4 | Dr. James Rodgers Records 07/25/2013 – 12/07/2015 | |
| PX5 | Central States Orthopedic Records Office Notes and Physical therapy records:  06/17/2014 – 03/01/2018 | FRE 401, 402 to records after 4/30/2015. |
| PX6 | Physical Therapy of Tulsa Records 05/29/2014 – 07/03/2014 | |
| PX7 | Oklahoma Surgical Hospital Records 07/01/2014 – 11/05/2014 | |
| PX8 | Neurological Center of Oklahoma Records 08/17/2015 | |
| PX9 | Tulsa Bone & Joint Records 09/13/2016 – 04/11/2018 | FRE 401, 402 for records in 2018. |
| PX10 | Union Pines Surgery Center Records 09/14/2016 – 11/28/2016 | |
| PX11 | Dr. Matthew Roberts Records 09/29/1983 – 12/01/2017 | |
| PX12 | Dr. John Saurino Records – 11/24/2015 | |
| PX13 | Dr. Anthony Economou Records – 02/04/2016 – 08/23/2016 | |
| PX14 | Pinnacle Specialty Hospital Records 02/10/2016 | |

5

| | | |
|---|---|---|
| PX15 | Dr. Christina Kendrick Records 04/25/2014 – 04/18/2018 | Object to any records other than 5/4/2016 and 5/25/2016 as not being produced. |
| PX16 | 6 Photos of Marilyn Phillips right hand | Federal Rules of Evidence Rule 403; objection to the number of photos, unfair prejudice needlessly presenting cumulative evidence |
| PX17 | 8 Photos of Marilyn Phillips left hand | Federal Rules of Evidence Rule 403; objection to the number of photos, unfair prejudice needlessly presenting cumulative evidence |
| PX18 | 13 Photos of Marilyn Phillips left shoulder | Federal Rules of Evidence Rule 403; objection to the number of photos, unfair prejudice needlessly presenting cumulative evidence |
| PX19 | 4 Photos of Marilyn Phillips right shoulder | Federal Rules of Evidence Rule 403; objection to the number of photos, unfair prejudice needlessly presenting cumulative evidence |

| | | |
|---|---|---|
| PX20 | 12 Photos of Marilyn Phillips face after shingles and before surgery | Federal Rules of Evidence Rule 403; objection to the number of photos, unfair prejudice needlessly presenting cumulative evidence |
| PX21 | 9 Photos of Marilyn Phillips after eye surgery | Federal Rules of Evidence Rule 403; objection to the number of photos, unfair prejudice needlessly presenting cumulative evidence |
| PX22 | Central States Imaging Records 06/17/2014 – 03/01/2018 | FRE 401, 402 to imaging in 2018 |
| PX23 | Envision Imaging Records 05/20/2015 | |
| PX24 | St. Francis Imaging Records 04/19/2013 – 07/25/2013 | |
| PX25 | Transcript of video deposition of Dr. Mokhtee | |
| PX26 | Transcript of video deposition of Dr. Fox | |
| PX27 | Article: *Peripheral Nerve Entrapment Caused by Motor Vehicle Crashes*, Journal of Trauma, 1994; Vol. 37, No. 2, pp. 191-194 | Hearsay FRE 801, 802, 803; Relevance FRE 401, 402; Prejudicial FRE 403; Not the basis of expert opinion FRE 702, 703 |
| PX28 | Article: *Carpal Tunnel Syndrome and Motor Vehicle Accidents*, 1996; JAOA, Vol. 96, No.4, pp. 223-226 | Hearsay FRE 801, 802, 803; Relevance FRE 401, 402; Prejudicial FRE 403; Not the basis of expert opinion FRE 702, 703 |
| PX29 | Article: *Acute carpal tunnel syndrome in trauma,* Eur. J. Plast. Surg. (2012) 35:639-646 | Hearsay FRE 801, 802, 803; Relevance FRE 401, 402; |

| No. | | Objection |
|---|---|---|
| | | Prejudicial FRE 403; Not the basis of expert opinion FRE 702,703 |
| PX30 | Article: *Herpes Zoster and Postherpetic Neuralgia: An Examination of Psychological Antecedents,* Innov Clin Neurosci 2014 May-Jun; 11 (5-6): 31-34 | Hearsay FRE 801, 802, 803; Relevance FRE 401, 402; Prejudicial FRE 403; Not the basis of expert opinion FRE 702,703 |
| PX31 | Article: *Proximal Humeral Migration in Shoulders with Symptomatic and Asymptomatic Rotator Cuff Tears,* J Bone Joint Surg Am. 2009 Jun 1; 91(6): 1405-1413 | Hearsay FRE 801, 802, 803; Relevance FRE 401, 402; Prejudicial FRE 403; Not the basis of expert opinion FRE 702,703 |
| PX32 | Article: *Post-Traumatic Osteoarthritis: Improved Understanding And Opportunities For Early Intervention;* J. Orthop Res. 2011 Jun: 29(6): 802-809 | Hearsay FRE 801, 802, 803; Relevance FRE 401, 402; Prejudicial FRE 403; Not the basis of expert opinion FRE 702,703 |
| PX33 | Transcript of video deposition of Mindy Phillips | |

The following exhibits will be offered at trial by the Defendant.

| No. | Defendant's Exhibits | Objection |
|---|---|---|
| DX1 | Med Center Records of 08-27-12 | |
| DX2 | Tulsa Neurospine records of 07-25-13 to 08-27-15 | |
| DX3 | Warren Clinic records of 09-14-12 through 07-02-13 | |
| DX4 | St. Francis Hospital MRI, cervical spine report and films of 04-26-13 | |
| DX5 | St. Francis Hospital physical therapy records; 09-01-12 – 08-07-13 | |
| DX6 | St. Francis Hospital EMG report of 08-07-13 | |
| DX7 | St. Francis Hospital cervical x-ray report and films of 07-25-13 | |
| DX8 | Envision Imaging cervical MRI report and films of 05-20-15 | |

| | | |
|---|---|---|
| DX9 | Envision Imaging cervical x-rays and films of 05-20-15 | |
| DX10 | Transcript of examination under oath of Marilyn Phillips taken 12-23-15 | Hearsay FRE 803; Cumulative as the transcript is 119 pages and Ms. Phillips will testify live at trial; FRE 403; Rule 32 FRCP (not a deposition) |
| DX11 | Neurological Center of Oklahoma EMG report of 08-17-15 | |
| DX12 | St. Francis Hospital records; 09-01-12 – 08-07-13 | |
| DX13 | Oklahoma Surgical Hospital records; 07-01-14 – 11-05-14 | |
| DX14 | Tulsa Bone & Joint Associates records; 09-13-16 – 04-11-18 | |
| DX15 | Records of the Eye Institute; 09-08-13 – 12-01-17 | |
| DX16 | Records of Surgery Works; 11-24-15 | |
| DX17 | Records of Ophthalmology Consultants; 02-04-16 – 08-23-16 | |
| DX18 | Records of Pinnacle Specialty Hospital; 02-10-16 | |
| DX19 | Records of Tulsa Dermatology Clinic; 04-25-14 – 04-11-18 | |
| DX20 | Records of Union Pine Surgery Center; 09-14-16 – 11-28-16 | |
| DX21 | *Withdrawn* | |
| DX22 | *Case Control Study of the Effect of Mechanical Trauma on the Ricks of Herpes Zoster* by S.L. Thomas, J.G. Wheeler and Andrew J. Hall, published in the *British Journal of Medicine* on January 23, 2014 | |
| DX23 | *Association of Physical Trauma With Rick of Herpes Zoster Among Medicare Beneficiaries in the United States*, by John X. Zhang, et al., published in the *Journal of Infectious Diseases, in 2013* | |
| DX24 | *Psychological Stress As A Trigger For Herpes Zoster: Might The Conventional Wisdom Be Wrong?*, by Rafael Harpaz, et al., published in *Clinical Infectious Diseases*, in 2015 | |
| DX25 | *Withdrawn* | |
| DX26 | *Withdrawn* | |
| DX27 | *Withdrawn* | |
| DX28 | Bixby Police Department Accident Report | Hearsay FRE 803; Relevance FRE 401, 402; Prejudicial effect outweighs probative value; confuses the issues; misleads the jury regarding the nature and extent of Plaintiff's |

9

| | | |
|---|---|---|
| | | injuries; FRE 403; Contains inadmissible medical "opinions" of someone who is not qualified to give medical opinions; FRE 702 |
| DX29 | Recorded interview of Marilyn Phillips dated September 5, 2012 | Original recording never provided; FRE 1001 et. seq.; Lack of authentication FRE 901 et seq; Hearsay FRE 803; Relevance FRE 401; 402. Misleads the jury as to the cause, nature and extent of Plaintiff's injuries; more prejudicial than probative; FRE 403 |
| DX30 | Examination under oath of Dr. James A. Rodgers, M.D., on March 24, 2015 | Hearsay FRE 803; Cumulative FRE 403 (Dr. Rodgers' video deposition will be played for jury); Rule 32 FRCP (not a deposition) |
| DX31 | Cervical MRI report dated April 26, 2013 | |
| DX32 | *Rotator Cuff Changes in 8 Symptomatic Adults*, by C. Milgrom, M.D., et al., published in the *Journal of Bone and Joint Surgery* | |
| DX33 | Withdrawn | |
| DX34 | Withdrawn | |
| DX35 | Withdrawn | |
| DX36 | Withdrawn | |
| DX37 | Records of Central States Orthopedics/Advanced Orthopedics; 06-17-14 – 03-01-18 | |
| DX38 | Transcript of video deposition of Dr. James Rodgers | |

**X.   The following primary witnesses will be called:**

By the Plaintiff:

| Witness | Description of Testimony |
|---|---|
| Mindy Phillips | Ms. Phillips is Marilyn Phillips' daughter. She will testify about her mother's physical and mental health before the August 2012 wreck compared to her physical and mental health after the August 2012 wreck. She will give examples of some of Marilyn Phillips' physical limitations that she has observed. She will give examples of mental pain and suffering of Marilyn Phillips that she has observed. |
| Kenney Phillips | Mr. Phillips is Marilyn Phillips' husband. He will testify about his wife's physical and mental health before the August 2012 wreck |

| | |
|---|---|
| | compared to her physical and mental health after the August 2012 wreck.  He will give examples of some of Marilyn Phillips' physical limitations that he has observed. He will give examples of mental pain and suffering of Marilyn Phillips that he has observed. |
| Marilyn Phillips | Ms. Phillips will testify about her relevant personal background, including education, work experience, family and medical histories. She will testify about the wreck of August 27, 2012; all the doctors she has been to and what they have done for her; physical therapy; surgeries; shingles outbreak; why she thinks all these injuries are related to the wreck; her physical pain and suffering; mental pain and suffering; nature and extent of her injuries; her impairment; loss of quality of life; loss of enjoyment of life; physical limitations; |
| Jeannie Mores | Ms. Mores is a massage therapist. She will testify about the treatment she has provided Ms. Phillips and her observations of Ms. Phillips' physical and mental health and pain and suffering |
| Dr. Jeff Fox | Dr. Fox is Marilyn's treating shoulder surgeon.  Dr. Fox will testify via video deposition that Ms. Phillips was referred to him by Dr. James Rodgers; that Dr. Fox took a history from Ms. Phillips; examined Ms. Phillips' shoulders and ordered an MRI. The MRI showed a rotator cuff tear in each shoulder.  Dr. Fox recommended rotator cuff surgery on both shoulders and Ms. Phillips agreed. Surgery was done in 2014.  Physical therapy followed. Dr. Fox released Ms. Phillips in 2015.  Ms. Phillips followed up with Dr. Fox in March 2018 and examined Ms. Phillips.  X-rays revealed slight proximal migration of the humeral head. Dr. Fox's assessment was pain in both shoulders. Dr. Fox will testify that Ms. Phillips has arthritis in her shoulders but he does not think it is related to the wreck. Dr. Fox will testify that the injuries to Ms. Phillips' shoulders were caused by the car wreck. |
| Dr. David Mokhtee | Dr. Mokhtee is Ms. Phillips' treating hand surgeon.  Dr. Mokhtee will testify via video deposition that Ms. Phillips was referred to him by Dr. Rodgers. Dr. Mokhtee took a history from Ms. Phillips and examined her hands.  Ms. Phillips had a positive Phalen's and Tinel's sign.  Dr. Mokhtee reviewed the Electrodiagnostic studies that had already been done and saw they demonstrated moderate bilateral carpal tunnel syndrome.  Dr. Mokhtee recommended surgery on both hands. Surgery was done in 2016, right hand first and then the left hand. Dr. Mokhtee saw Ms. Phillips in follow up and released her in December 2016. Dr.  Mokhtee will testify that prepared a letter dated August 21, 2017 and stated he reviewed medical records, sworn statement of Ms. Phillips and sworn statement of Dr Rodgers. Based on all the information he was provided, Dr. Mokhtee concluded that Ms. Phillips onset of carpal tunnel was most likely due to bilateral hand and wrist soft tissue trauma and swelling. Dr. Mokhtee will testify that Ms. Phillips did |

11

| | |
|---|---|
| | not have any symptoms of carpal tunnel before the wreck and that it is not likely that Ms. Phillips' carpal tunnel was brought on by gardening. Dr. Mokhtee followed up with Ms. Phillips in March 2018 and found that Ms. Phillips had a trigger finger and arthritis, but that Dr. Mokhtee felt like those problems were not related to the wreck. |
| Dr. Anthony Economou | Dr. Economou is Ms. Phillips' treating eye surgeon. It is anticipated that Dr. Economou will testify that Ms. Phillips was referred to him in 2016 by Dr. J. Matthew Roberts, DO, because in October 2015, Ms. Phillips had an outbreak of shingles on her face that spread to her right eye, causing increased pressure in her right eye. Dr. Economou will testify that he examined Ms. Phillips, took a history from her and determined that Ms. Phillips needed surgery to control the pressure in her eye. Dr. Economou will testify that in his notes he indicates that the "zoster", the shingles outbreak, is secondary to stress. Dr. Economou did surgery on Ms. Phillips' right eye and implanted a valve in her right eye to control the pressure. The implant is permanent. Ms. Phillips will need to take certain medications to treat this problem for the rest of her life. Dr. Economou will testify that it is widely accepted that shingles is most common in people who have weak immune systems because of stress, injury, and certain medicines. Dr. Economou will testify that it is plausible that stress secondary to a motor vehicle accident decreased Ms. Phillips' immune system, which activated her herpes zoster. |
| Dr. Richard Hastings | Dr. Hastings is the Plaintiff's medical expert. Dr. Hastings will testify that he has examined Ms. Phillips twice, once in 2016 and again in 2018. Dr. Hastings conducted a thorough physical examination of Ms. Phillips that included range of motion testing in her neck, upper and lower back, hands and shoulders. Dr. Hastings will testify that he has reviewed all the medical records of the doctors and providers that Ms. Phillips has seen since her 2012 wreck. Dr. Hastings will testify that he has reviewed the deposition testimony of Dr. Rodgers, Dr. Mokhtee and Dr. Fox. Dr. Hastings will testify that he has reviewed medical literature.<br><br>Based on all of that, Dr. Hastings will testify that Ms. Phillips has the following problems that were a direct result of the wreck:<br>Persistent and ongoing neck pain and spasm with stiffness and limited motion;<br>Persistent aching, pain and discomfort and limited mobility of her right shoulder;<br>Persistent aching, pain and discomfort and limited mobility of her left shoulder;<br>Blurred vision right eye with discomfort and dryness;<br>Mid-back pain with limited range of motion; |

| | |
|---|---|
| | Low back pain with limited range of motion that is increased with activity;<br>Pain, decreased grip strength and limited range of motion in her right hand;<br>Pain, decreased grip strength and limited range of motion in her left hand;<br>Droopy and swollen right eyelid.<br><br>Dr. Hastings will testify that Ms. Phillips has the following permanent injury and disability:<br>1. 24% impairment to the whole person for the neck less 4% for pre-existing conditions, for a net of 20% impairment;<br>2. 32% impairment to the whole person for injury to the right shoulder;<br>3. 32% impairment to the whole person for injury to the left shoulder;<br>4. 40% impairment to the right hand/wrist;<br>5. 40% impairment to the left hand/wrist;<br>6. 19% impairment to the thoracic spine less 4% for pre-existing conditions, for a net of 15% impairment;<br>7. 23.5% impairment to the whole person as a result of loss of vision in the right eye.<br><br>Dr. Hastings will testify that Ms. Phillips will need future medical treatment including follow up visits to Dr. Economou and medication to treat the eye problem; MRI arthrogram of the shoulder to evaluate the humeral head migration shown on recent x-rays and follow up with an orthopedic surgeon; yearly examination for the next 5 years by a neurosurgeon to evaluate neck and back injury. |

By the Defendant:

| | |
|---|---|
| Dr. James Rodgers | Dr. Rodgers is Marilyn Phillips treating doctor. Dr. Rodgers will testify via video deposition. He will testify that he first saw Marilyn Phillips on July 25, 2013. On that day she gave a history that she had developed some numbness in the left hand five weeks after the automobile accident. The physical examination revealed evidence of a possible carpal tunnel syndrome. Dr. Rodgers will testify that he cannot state to a certainty that the wreck was the cause of Ms. Phillips' carpal tunnel syndrome due to the length of time between the wreck and the development of her symptoms. When Dr. Rodgers learned that it was actually four months between the wreck and the development of her symptoms, he had even less reason to relate the carpal tunnel syndrome to the wreck. Dr. Rodgers referred Ms. Phillips to Dr. David Mokhtee for testing and treatment |

|  | of her carpal tunnel syndrome. Dr. Rodgers referred Ms. Phillips to Dr. Jeff Fox for testing and treatment in regard to the injury to her shoulders. Dr. Rodgers will testify that he found no evidence of cervical radiculopathy or objective evidence of injury to the cervical spine. Testing has revealed degenerative changes in the cervical spine. Dr. Rodgers will testify that he does not recommend that she undergo a cervical surgery. |
|---|---|
| James Hutton, M.D. | Dr. Hutton is the former Chairman of the Division of Infectious Disease at the University of Oklahoma. He was retained by the Defendant to provide expert opinion regarding Ms. Phillips' outbreak of herpes zoster (shingles). Dr. Hutton has reviewed the Plaintiff's medical records. He will testify about the findings of studies of the effects of trauma and psychological stress as a trigger for the development of herpes zoster. Dr. Hutton will testify that Ms. Phillips' shingles condition is not related to the automobile accident. |

**XI.    The following secondary witnesses might be called:  None**

**XII.   The possibility of settlement of this case has been explored with the following results:**

Parties attended pre-suit mediation in early 2017 and the case did not settle. On June 1, 2018, the parties attended a Judicial Settlement Conference. The case did not settle. At this point, there is no possibility of settlement.

**XIII.  The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.**

**XIV.   The parties anticipate the estimated total trial time to be 3 days.**

Dated this 5th day of April, 2019.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Approved as to form and content:

s/Anthony M. Laizure
Attorney for Plaintiff

s/Robert Taylor
Attorney for Defendant