## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARILYN PHILLILPS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 17-CV-547-JED-JFJ |
| | ) |
| **FARMERS INSURANCE** | ) |
| **COMPANY, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## **PLAINTIFF'S REQUESTED JURY INSTRUCTIONS**

The Plaintiff submits the following Requested Jury Instructions.

Respectfully Submitted:

By:  s/Anthony M. Laizure
Anthony M. Laizure, OBA # 5170
Laizure Law, PLLC
1616 S. Main Street
Tulsa, OK 74119
Phone: (918)749-0749
Fax: (918)518-7250
E-mail: TLaizure@LaizureLaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that on the 8th day of April, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Robert Taylor
Steidley & Neal, PLLC
CityPlex Towers, 53rd Floor
2448 E. 81st Street
Tulsa, OK  74137
Email: rht@steidley-neal.com
*Attorney for Defendant*

                                            s/Anthony M. Laizure
                                            Anthony M. Laizure

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1

### THE ISSUES IN THE CASE — UNINSURED MOTORISTS COVERAGE

The parties in this case are the Plaintiff Marilyn Phillips and the defendant Farmers Insurance Company. This case arises out of a car wreck between Ms. Phillips and Dianne Rooker that happened on August 27, 2012 near 121st and Memorial in Tulsa County. Ms. Phillips seeks to recover under an insurance policy that the defendant Farmers issued to Ms. Phillips in which defendant Farmers Insurance Company agreed to pay Ms. Phillips for injuries she sustained in a car wreck where another driver is at fault.

The parties agree that Dianne Rooker was 100% at fault and is legally responsible for the car wreck. The issue in this case for you to determine is what injuries Ms. Phillips sustained as a direct result of the car wreck and what damages Farmers Insurance Company should pay Ms. Phillips as fair and reasonable compensation for her injuries.

This statement of the case simply defines the issues to be tried by you in this case, and the allegations or claims made therein do not constitute any evidence, nor do the statements or arguments of counsel, but you will only consider as evidence the testimony heard from the witness stand by the witness under oath, any exhibits which have been introduced and any stipulations made by counsel, and you will consider that evidence under the following instructions.

**OUJI 2.4 & 2.5**

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2

### Burden Of Proof- Greater Weight of The Evidence

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you.  This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or use the expression "if you find," or "if you decide", I mean you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but means what seems to you more convincing and more probably true.

A party who seeks to recover on a claim or a party who raises an affirmative defense has the burden to prove all the elements of the claim or defense.  In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

**OUJI 3.1**

# PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3

## Determining Credibility [Believability] Of Witness

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

**OUJI 3.13**

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4

### EXPERT WITNESS

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

**OUJI 3.21**

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5

### Direct and Indirect [Circumstantial] Evidence --- Defined --- Use

"Direct evidence" is the testimony of a person who asserts actual, personal knowledge of a fact, such as the testimony of an eyewitness. "Direct evidence" may also be an exhibit such as a photograph which demonstrates the existence of a fact. It is proof which points immediately to a question at issue and which proves the existence of a fact without inference or presumption.

"Circumstantial evidence" is the proof of facts or circumstances which gives rise to a reasonable inference of other connected facts.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.

**OUJI 3.25**

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6

### PERSONAL INJURIES --- ADULTS

You now must fix the amount of damages for Marilyn Phillips. This is the amount of money that will reasonably and fairly compensate Ms. Phillips for her injuries sustained in the car wreck of August 27, 2012.

In fixing the amount you will award you may consider the following:

A. Her physical pain and suffering, past and future;

B Her mental pain and suffering, past and future;

C. Her age;

D. Her physical condition immediately before and after the accident;

E. The nature and extent of her injuries;

F. Whether her injuries are permanent;

G. Her physical impairment;

H. Her disfigurement;

I. The reasonable expenses of the necessary future medical care, treatment and services.

**OUJI 4.1**

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7

### MEASURE OF DAMAGES --- AGGRAVATIONS OF PRE --- EXISTING CONDITIONS

A person who has a condition or disability at the time of an injury is entitled to recover damages for any aggravation of such pre-existing condition or disability directly caused by the injury. This is true even if the person's condition or disability made him more susceptible to the possibility of injury than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.

When a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional injury caused by the aggravation.

**OUJI 4.10**

## PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8

## NO SPECULATION

Your decision must be based on probabilities, not possibilities.  It may not be based upon speculation or guesswork.  Specifically, you may not speculate as to why Dianne Rooker is not a party to this lawsuit.  And you may not speculate as to whether Ms. Phillips has been paid any money by any other party.  For purposes of this case, defendant Farmers Insurance Company is responsible for all the damages sustained by Ms. Phillips in the August 27, 2012 car wreck.

**OUJI 3.3 modified**