IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MARILYN ANN PHILLIPS,          )
                      )
       Plaintiff,          )
                      )
vs.                    )     Case No.  17-CV-547-JED-JFJ
                      )
FARMERS INSURANCE COMPANY, INC.    )
                      )
       Defendant.        )

**<u>DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

COMES NOW the Defendant, Farmers Insurance Company Inc., and submits Defendant's Objection to Plaintiff's Proposed Jury Instructions Nos. 5, 6, and 8, and Defendant's Objection to Plaintiff's improper "Supplemental Requested Jury Instruction No. 8". In support, Defendant would show the Court as follows:

**OBJECTION TO PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5**

In Plaintiff's Requested Jury Instructions, Doc. No. 60, Plaintiff proposes, at page 7, Jury Instruction No. 5, with a citation to OUJI 3.25. This instruction suggests that the jury can make inferences about issues in the case and that the jury is to give such inferences equal weight as it would to direct evidence. However, the jury in this case is not determining facts such as whether it was raining, what someone's state of mind was, whether a light was green, or who negligently caused an accident. Rather, this case is limited only to the issue of what Plaintiff's damages are as a result of the accident. The issue requires testimony by doctors. Plaintiff alleges that certain physical conditions were caused by the accident, and Defendant has offered an expert doctor who disagrees with the allegation for medical reasons. The rationale of circumstantial evidentiary reasoning does not fit, for example, the issue of whether Plaintiff's shingles condition is the result of the car accident in question. This case does not involve issues of fact

that ordinary laypersons can evaluate and resolve by way of circumstantial evidence. Further, it would create a significant risk of the jury speculating about facts that are beyond their realm of expertise. Therefore, Defendant objects to the use of this instruction and requests that the Court deny Plaintiff's Proposed Instruction No. 5. (Doc. No. 60, p. 7).

**OBJECTION TO PLAINTIFF'S REQUESTED INSTRUCTION NO. 6, SUBPART I.**

Plaintiff's Requested Instruction No. 6 includes an improper element of damages and instructs the jury that the element can be considered in assessing the amount of damages to award. Specifically, it references in Subpart I the "reasonable expenses of the necessary future medical care, treatment and services." (Doc. No. 60, p. 8).

However, there has been no evidence or assertion that the Plaintiff is claiming such medical costs as part of the damages. Plaintiff has taken the position that she is not requesting medical expenses in this case. Rather, Plaintiff is seeking her alleged pain and suffering damages. The evidence in the case does not identify any future medical expenses. Future medical expenses are not an issue in the case, and an instruction that the jury can consider future medical expenses would invite speculation on a matter not in evidence. As a result, Defendant objects to Subpart I in Plaintiff's Requested Jury Instruction No. 6. (Doc. 60, p. 8).

**OBJECTION TO PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8**

Plaintiff's Requested Jury Instruction No. 8 includes unnecessary statements to the jury that are likely to be misleading or counterproductive, and the last sentence is incorrect. The Requested Instruction includes the following language: "Specifically, you may not speculate as to why Dianne Rooker is not a party to this lawsuit. And you may not speculate as to whether Ms. Phillips has been paid any money by any other party. For purposes of this case, defendant Farmers Insurance Company is responsible for all the damages sustained by Ms. Phillips in the

2

August 27, 2012 car wreck." But Defendant is not responsible for "all damages." Rather, Defendant is responsible for what is owed under the policy, which is an issue of law for the Court after the jury determines what the damages are. The language Plaintiff requests is misleading and detracts from the proper task of the jury in this case. It provides misinformation to the jury since the issue of what Defendant is responsible for will be determined after the jury determines the amount of actual damages. In addition, the other language in the proposed instruction quoted above is not necessary and would only mislead the jury and invite attention to the facts addressed therein without providing all the pertinent information.

Plaintiff's reference to OUJI 3.3 as support for the requested instruction is misplaced, because the OUJI 3.3 instruction on speculation is aimed at preventing the jury from finding facts based upon speculation caused by inadequate evidence or witnesses who merely offer guesses about information. Speculation instructions, Defendants would submit, are not mechanisms to define the issues in the case or carve out areas as "off limits." An ordinary instruction as to speculation generally would be far more appropriate and more likely to lead to a fair trial, in contrast to the language in Plaintiff's Requested Jury Instruction No. 8. Therefore, Defendant objects to Plaintiff's Requested Jury Instruction No. 8. (Doc. No. 60, p. 10).

## OBJECTION TO PLAINTIFF'S SUPPLEMENTAL REQUESTED JURY INSTRUCTION NO. 8

In Document 64, Plaintiff offers a supplemental requested instruction, which purports to state the facts that are stipulated to and which Plaintiff contends that the jury must accept as true. Defendant objects to the last item listed as it clearly would be improper. Specifically, item number four in the list at page three of Doc. No. 64 provides that the jury must assume that "[t]he Plaintiff Marilyn Phillips's claim is worth at least $184,165.00." While Defendant would stipulate for the District Court's purposes that Defendant did pay that amount to Plaintiff already,

clearly Defendant is not stipulating that there is a minimum amount to the pain and suffering damages the jury has been tasked with assessing. The purpose of this trial is to permit a jury to determine what amount represents Plaintiff's pain and suffering damages. The jury is to decide this independently, and the jury's determination of the actual damages enables the District Court to issue a judgment on what remains to be paid under the policy. Plaintiff's requested instruction here, however, would thwart this fundamental purpose of the suit. The jury would be likely to assess the damages and then improperly inflate them by the amount of $184,165.00 based on this requested instruction and believing that this minimum amount was not paid by Defendant already. Plaintiff's requested instruction essentially usurps the task of the District Court of determining the setoff amount. The instruction essentially charges the jury with that task, which would be an incorrect submission of a legal issue to the jury. Moreover, the instruction does not provide all the necessary information for deciding such an issue because it does not state that Defendant paid that amount already. Thus, it would not merely lead to needless confusion, unreliability, and improper submission of a legal issue to a jury, but it would virtually guarantee that Defendant would not be afforded a fair trial. For these reasons, Defendant objects to Plaintiff's Supplemental Requested Jury Instruction No. 8. (Doc. 64).

<strong>Respectfully submitted,</strong>

STEIDLEY & NEAL, P.L.L.C.

By:    s/ Robert H. Taylor
           Robert H. Taylor, OBA #8879
           rht@steidley-neal.com
           CityPlex Towers, 53rd Floor
           2448 East 81st Street
           Tulsa, OK 74137
           918-664-4612 telephone
           918-664-4133 facsimile
           *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, hereby certify that on the 15th day of May, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Anthony M. Laizure

s/ Robert H. Taylor