# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| MARILYN ANN PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17-CV-547-JED-JFJ |
| v. | ) | |
| | ) | |
| FARMERS INSURANCE COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JURY INSTRUCTIONS

Dated this 21st day of June, 2019.

_____
JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

## JURY INSTRUCTION NO. 1

### INTRODUCTION TO FINAL INSTRUCTIONS

Members of the jury, you have seen and heard all of the evidence of the parties. Now I will instruct you on the law.  In explaining the rules of law that you must follow, I will first give you some general instructions which apply in every civil case – for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses.  Then I will give you some specific rules of law that apply to the plaintiff's claim in this particular case and, finally I will explain the procedures you should follow in your deliberations.  A written copy of these instructions will be given to each of you before you begin your deliberations, so you need not take notes as I am reading the instructions to you.

## JURY INSTRUCTION NO. 2

### DUTIES OF JURY

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone. Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Your second duty is to apply the law that I give you to the facts as you determine them from the evidence.  You must follow all of these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

## JURY INSTRUCTION NO. 3

### STATEMENT OF THE CASE

Before the trial began, I read to you a Statement of the Case, which describes the issues you are to determine.  Now that you have heard all of the evidence, I will again describe the issues you are to decide.

This case arises out of a car wreck involving plaintiff Marilyn Phillips and Diane Rooker on August 27, 2012. In this case, Ms. Phillips seeks to recover under an insurance policy issued to her by the defendant, Farmers Insurance Company.  Through the insurance policy, Farmers agreed to pay Ms. Phillips for injuries she sustained in a car wreck where another driver was at fault.  The parties agree that Diane Rooker was 100% at fault and is legally responsible for the car wreck.

The issues you must decide in this case are (1) what injuries to Ms. Phillips were directly caused by the car wreck and (2) what amount of money will reasonably and fairly compensate Ms. Phillips for those injuries.

## JURY INSTRUCTION NO. 4

## STATEMENT NOT PROOF

The Statement of the Case is given to you simply to outline the issues to be determined.  This description does not constitute proof of any fact in the case.

## JURY INSTRUCTION NO. 5

### STIPULATIONS

The parties in this case have stipulated to the following facts.  That means that they have agreed that the following facts are true and do not require any additional proof in this case to be considered by you as having been established.

1.      On August 27, 2012, plaintiff Marilyn Phillips was a named insured on two automobile policies issued by defendant Farmers Insurance Company, Inc.

2.      The policies were in full force and effect on August 27, 2012.

3.      The other driver in the wreck, Diane Rooker, was 100% at fault for the August 27, 2012 wreck.

## JURY INSTRUCTION NO. 6

### ALL PARTIES ENTITLED TO FAIR AND IMPARTIAL CONSIDERATION

All parties to a lawsuit are entitled to the same fair and impartial consideration, whether they are corporations or individuals.

## JURY INSTRUCTION NO. 7

**EVIDENCE DEFINED**

As stated earlier, it is your duty to determine the facts, and in doing so you must consider only the evidence that has been admitted in this case.  The term "evidence" includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and any stipulated or admitted facts that the parties agreed to. Nothing else is evidence.

## JURY INSTRUCTION NO. 8

## WHAT IS NOT EVIDENCE

Before trial began, I summarized several things that are not evidence, and which you may not consider in deciding what the facts are.  As a reminder:

1.     Opening statements and closing arguments by the lawyers are not evidence. If the facts as you remember them differ from the way the lawyers stated them in the opening statements or closing arguments, your memory of them controls.

2.     Objections by the lawyers are not evidence. You should not be influenced by any objection or by the Court's ruling on it.

3.     Testimony or exhibits that the Court has excluded or told you to disregard are not evidence and must not be considered.  During the trial, I did not let you hear the answers to some of the questions that were asked.  You must completely ignore any answers and questions as to which I sustained an objection.  Do not speculate about what a witness might have said or what an exhibit might have shown if it was not allowed into evidence.

4.     Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

Also, you should not assume from anything I might have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

## JURY INSTRUCTION NO. 9

## EVIDENCE - DIRECT AND CIRCUMSTANTIAL - INFERENCES

There are two types of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as the testimony of an eyewitness.  Circumstantial or indirect evidence is proof of a chain of facts which point to the existence or non-existence of certain other facts.  As an example, direct evidence that it was raining is testimony from a witness who says, "I was outside a minute ago, and I saw it raining."  Circumstantial evidence that it was raining is the testimony of a witness who observed someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the evidence in this case.

## JURY INSTRUCTION NO. 10

### NOTES OF JURORS

You have been permitted to take notes during the presentation of evidence in this case. They will only be used as aids to your memory.  If you have taken notes, you should rely upon your own independent recollection or memory of what the testimony was, and you should not be unduly influenced by the notes of other jurors. In your deliberations, you should give no more or no less weight to the views of a fellow juror just because that juror did or did not take notes.  Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony was.

## JURY INSTRUCTION NO. 11

### BURDEN OF PROOF--
### GREATER WEIGHT OF THE EVIDENCE

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you.  This is called "Burden of Proof."

When I say that a party has the burden of proof on any proposition by the greater weight of the evidence, or I use the expression "if you find" or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which such party has the burden of proof is more probably true than not true.  The greater weight of the evidence does not mean the greater number of witnesses testifying to a fact, but it means what seems to you more convincing and more probably true.

In this case, the plaintiff has the burden to prove the amount of her damages by the greater weight of the evidence.  In deciding whether the burden of proof has been met, you are to take into account all the evidence, whether offered by the plaintiff or the defendant.

## <u>JURY INSTRUCTION NO. 12</u>

### NO SPECULATION OR PREJUDICE

Your decision must be based upon the evidence.  You should not allow sympathy or prejudice to influence your decision.  Your decision should be based upon probabilities, not possibilities.  It may not be based upon speculation or guesswork.

## JURY INSTRUCTION NO. 13

### DETERMINING CREDIBILITY OF WITNESSES

While you must consider all of the evidence, this does not mean that you must accept all of the evidence as true or accurate or give all the evidence the same weight.  You are the sole judges of the credibility or believability of each witness and the weight to be given to each witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.

You should think about the testimony of each witness you have heard and decide whether you believe all, or any part, or none of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you consider the opportunity each witness had to see or hear the things testified about, a witness's memory and intelligence, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, the extent to which the testimony is consistent with any evidence that you believe, any motive a witness may have for testifying a certain way, including any bias, prejudice, or interest, and any other facts that you find to have affected the believability of the witness.

In reaching a conclusion on a particular point, or ultimately reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

## JURY INSTRUCTION NO. 14

### EXPERT WITNESSES

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

## JURY INSTRUCTION NO. 15

**MEASURE OF DAMAGES FOR PERSONAL INJURIES – ADULTS**

You now must fix the amount of plaintiff's damages.  This is the amount of money that will reasonably and fairly compensate Ms. Phillips for the injury or injuries that were directly caused by the car wreck involved in this case.  The plaintiff is not seeking, and you may not consider, the expense of past medical care and treatment.

In fixing the amount of plaintiff's damages, you may consider the following:

A.    Her physical pain and suffering, past and future;

B.    Her mental pain and suffering, past and future;

C.    Her age;

D.    Her physical condition immediately before and after the accident;

E.    The nature and extent of her injuries;

F.    Whether the injuries are permanent;

G.    The physical impairment; and

H.    The disfigurement.

## JURY INSTRUCTION NO. 16

**MEASURE OF DAMAGES –
AGGRAVATION OF PRE-EXISTING CONDITIONS**

A person who has a condition or disability at the time of an injury is entitled to recover damages for any aggravation of such pre-existing condition or disability directly caused by the injury. This is true even if the person's condition or disability made him more susceptible to the possibility of injury than a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.

When a pre-existing condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional injury caused by the aggravation.

## <u>JURY INSTRUCTION NO. 17</u>

### LIFE EXPECTANCY

According to life expectancy tables, the life expectancy of a female person of the age of 66 years is 86.8 years. This figure is not conclusive. It is the average life expectancy of persons who have reached that age. This figure may be considered by you in connection with other evidence relating to the probable life expectancy of Plaintiff, including evidence of her occupation, health, habits, and other activities.

## **JURY INSTRUCTION NO. 18**

### **DIRECT CAUSE – DEFINITION**

Direct cause means a cause which, in a natural and continuous sequence, produces the injury alleged and without which the injury would not have happened.

## JURY INSTRUCTION NO. 19

## (TO BE GIVEN AFTER CLOSING ARGUMENTS)

### DELIBERATIONS AND VERDICT

Ladies and Gentlemen of the jury, this case is now submitted to you for your decision and verdict.

When you go to the jury room to begin considering the evidence in this case, you should first select one of the members of the jury to act as your foreperson. This person will help to guide your discussions in the jury room.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

A Verdict Form will be furnished for your consideration and use.  The Verdict Form requires that you decide and record the amount of the plaintiff's damages that you find were directly caused by the August 27, 2012 car accident.  Your determination must be

unanimous.   After you have reached a unanimous agreement on your verdict, your foreperson alone will sign it; and you will, as a body, return with it into court.

During your deliberations, you must not communicate with or provide any information to anyone, except other jurors, about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, Instagram, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If, during your deliberations, it becomes necessary to communicate with the Court, you may send a note by the bailiff.  Bear in mind that you are not to reveal to the Court, or to any person, how the jury stands, numerically or otherwise, until you have reached your unanimous verdict.